# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARK K. QUINTERO,

        Petitioner,

v.                                                  Case No. 10-CV-698

WARDEN LARRY JENKINS,

        Respondent.

_____

## ORDER

On August 16, 2010, the petitioner, Mark K. Quintero ("Quintero"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Quintero raises numerous claims in his habeas petition, all challenging a prior state court conviction of two counts of second-degree sexual assault and one count of misdemeanor battery. As required, the court will conduct an initial screening of Williams' petition under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Quintero's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, it appears Quintero's petition is timely. According to the information provided in his federal habeas petition, Quintero's conviction became final November 15, 2009, which was 90 days after the Wisconsin Supreme Court denied Williams's petition for review. Quintero filed this appeal two months before the one year limitations period expired. Therefore, Quintero's petition is timely.

The court continues its Rule 4 review by examining Quintero's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal

habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim, or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). The burden is on the petitioner of proving compliance with the exhaustion requirement. *Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971).

Here, it appears that all of the claims in Quintero's petition are likely exhausted. The petitioner identifies sixteen grounds for relief and each ground includes several claims. The court has consolidated some of petitioner's claims due to their repetitive nature. Thus, petitioner raises the following claims for relief: (1) the circuit court erred in barring relevant witness testimony at trial; (2) the circuit court erred in refusing to hold a discovery hearing; (3) the police and the prosecution suppressed exculpatory evidence; (4) police and prosecutorial misconduct for wrongful conviction; (5) the Wisconsin Court of Appeals improperly interpreted DNA results; (6) violation of the defendant's right to a fair trial; (7) the prosecution refused defendant's offer to submit to polygraph testing; (8) forced waiver of Fifth Amendment rights; (9) improper use of rape shield laws; (10) the circuit court failed

to properly exercise its sentencing discretion; (11) the no-merit report filed by defendant's counsel failed to meet the test of *Anders v. California*, 386 U.S. 738 (1967); (12) the Wisconsin Court of Appeals erred in rejecting defendant's notice of voluntary dismissal of his appeal; and (13) ineffective assistance of counsel at both the circuit and appellate court levels. To meet his burden of proving that his claims have been exhausted the petitioner has submitted: (1) his petition; (2) a copy of the orders from the Wisconsin Court of Appeals and the Supreme Court of Wisconsin in his state case; (3) two letters from the circuit court judge to the Assistant District Attorney regarding Quintero's requests for discovery; and (4) a copy of lab results, including DNA testing. Upon examining the record presented by the petitioner, the court can conclude that all of the claims raised by Quintero in his federal habeas petition were considered and rejected by the Wisconsin Court of Appeals on their merits. Moreover, the Wisconsin Supreme Court denied Quintero's petition for review of the Court of Appeals' ruling on these claims. Therefore, all of petitioner's claims appear to have been fully exhausted in state court.

The court next reviews Quintero's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838,

848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, the court finds that Quintero has not procedurally defaulted on his claims. Based on his petition, it appears that Quintero's claims were presented and considered on the merits by the Wisconsin Court of Appeals, and Quintero sought timely discretionary review in the Wisconsin Supreme Court.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Quintero's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Habeas corpus relief is available to a state prisoner under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on violations of state law are generally not cognizable in a federal habeas petition. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). Habeas relief is appropriate for state law violations only if they are "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *Id.*

At least six of Quintero's thirteen claims for relief appear non-cognizable under habeas review because they assert state law violations, rather than federal or constitutional law violations. First, the petitioner's argument that the Wisconsin Court of Appeals erred in rejecting his motion to dismiss his appeal is a challenge to a state law. Quintero points to no federal laws or constitutional provisions that were violated based on the state appellate court's denial of his motion. Indeed, the

Wisconsin Court of Appeals explains its denial of Quintero's motion to dismiss his appeal by finding that state law prohibits a party represented by counsel from filing its own motions. *See State v. Debra A.E.*, 188 Wis. 2d 111, 138, 523 N.W.2d 727 (Wis. 1994).

Next, petitioner's allegation that the Wisconsin Court of Appeals improperly interpreted the results of a DNA test is non-cognizable under federal habeas review because he is effectively complaining about a state court evidentiary finding. State law evidentiary questions are rarely entertained under federal habeas review. Habeas relief has only ever been granted on state law evidentiary questions where the state court's resolution of the evidentiary dispute was clearly unreasonable or rose to the level of a constitutional violation. *Bowie v. Thurmer*, No. 07-2023, 2009 WL 2393920, at *2 n. 1 (7th Cir. Aug. 5, 2009). Quintero's petition does not indicate as such. Moreover, the Court of Appeals' ruling also shows that the jury ultimately decided what weight to give to the results of the DNA testing. According to the petition, the appellate court merely concluded, based on state law, that the jurors acted reasonably and could be convinced Quintero was guilty beyond a reasonable doubt, by evidence they were entitled to believe and accept as true. Therefore, the court finds this claim does not present a cognizable claim for federal habeas review. Quintero makes at least three other state law evidentiary claims that the court must also dismiss as non-cognizable. The first two include petitioner's claims that the circuit court erred in barring relevant witness testimony at trial and that the circuit court erred in refusing to hold a discovery hearing. As previously noted, evidentiary

questions such as these are not governed by federal or constitutional law, and courts rarely review such challenges in federal habeas petitions without allegations of sufficiently egregious conduct that rises to the level of an equal protection or due process violation. Quintero's claims do not rise to such a level. If Quintero was trying to articulate a due process argument with any of his claims, that is entirely unclear from his petition. More importantly, due process arguments were never raised in the state courts or framed in that manner. Next, Quintero's allegation that the state courts erroneously applied rape shield laws to prevent review and inspection of the victim's "police contact history and criminal background" is also a non-cognizable claim because rape shield laws are governed by state evidentiary law. *See* Wis. Stat. §972.11.

The court also finds that Quintero fails to allege a cognizable claim by arguing that the circuit court failed to properly exercise its sentencing discretion. The petitioner contends that the conclusions reflected in his pre-sentencing report contradicted the results of objective testing – thus, he concludes this demonstrates bias on behalf of the state. Yet again, Quintero's petition points to no federal law or constitutional law violation. The State of Wisconsin has its own sentencing guidelines and procedures, and this court finds that the claim articulated by the petitioner in no way implicates federal or constitutional law.

Thus, the court is left to consider whether Quintero's remaining seven claims are patently frivolous or speculative. The court will first address Quintero's ineffective assistance of counsel claims. Ineffective assistance of counsel is a valid basis for

habeas corpus relief under 28 U.S.C. § 2254. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (claim of ineffective assistance of counsel must show that counsel's performance was deficient and errors prejudiced defense to the extent that petitioner was deprived of a fair trial). With regard to this claim, petitioner contends that defense counsel's performance fell far below the required minimum level of competence in several respects, including counsel's failure to file key motions, failure to conduct any pretrial investigation, failure to interview or adequately cross-examine witnesses, failure to seek an expert opinion to substantiate medical evidence, failure to participate in voir dire or to exercise peremptory challenges, as well as a detailed list of other alleged inadequacies. The court notes that Quintero sets forth two other grounds for relief – forced waiver of his Fifth Amendment rights and violation of his right to a fair trial – that appear to actually raise ineffective assistance of counsel claims. Thus, the court will incorporate all of the allegations raised in Quintero's petition under these two claims into his ineffective assistance of counsel allegations. Quintero's ineffective assistance of counsel claims do not appear on their face to be plainly frivolous or speculative. Accordingly, the court will direct the respondent to file an answer to the petition regarding the petitioner's ineffective assistance of counsel claims.[1]

---

[1]The court notes that the order of the Wisconsin Court of Appeals addressing Quintero's ineffective assistance of trial counsel claims found that all his claims presented no potentially meritorious issues that Quintero could raise in his post-conviction proceedings. Though this indicates that Quintero's allegations could be categorized as patently frivolous, the court finds that petitioner alleges enough plausible facts that, if true, could entitle him to relief.

Quintero has four remaining claims that the court need address. First, he alleges improper prosecutorial suppression of exculpatory evidence. Typically, allegations that a prosecutor suppressed exculpatory evidence are considered cognizable under federal habeas review so long as they articulate a sufficient due process violation and are not patently frivolous. *See Kyles v. Whitley*, 514 U.S. 419, 453 (1995) (due process violated because prosecution suppressed exculpatory evidence that, if disclosed, could reasonably have altered result of proceeding). Quintero does not articulate this as a due process violation. Instead, he alleges that those investigating his charges failed to collect forensic evidence to support the sexual assault charges as was required by state law. Not only is petitioner's claim in this respect premised on a state law violation, but his petition clearly shows that forensic evidence was collected and used to support the sexual assault charges. Therefore, the court cannot conclude, based on the evidence before it, that Quintero's claims regarding suppression of exculpatory evidence entitle him to relief.

Second, Quintero's allegations of police and prosecutorial misconduct are quite serious. He claims his conviction was part of "a pattern of harrassment [sic]." (Pet'r's Br. 6). Quintero further asserts that the authorities discriminated against him based on his race and used a variety of torture techniques to entrap and terrorize the defendant before his sexual assault conviction. (Pet'r's Br. 8-9). However, Quintero does not plead any specific facts that indicate these claims have merit. Based on the record before it, the court is obliged to find that Quintero's prosecutorial and police misconduct claims are frivolous and speculative.

Another ground for relief set forth by petitioner is his claim that the prosecution improperly refused his offer to submit to polygraph testing. However, petitioner fails to provide the court with any explanation as to how this refusal constitutes a violation of federal law or constitutional rights. Thus, the court finds that petitioner may not proceed with this claim in his federal habeas petition.

Lastly, petitioner claims that the no-merit action filed by his counsel in the Wisconsin Court of Appeals failed to meet the test set forth by the United States Supreme Court in *Anders v. California*, 386 U.S. 738 (1967). In Wisconsin, no-merit reports may be filed with the court of appeals pursuant to Wis. Stat. § 809.32. The statute requires that if an appointed attorney finds, after a review of the record and consultation with the client, that an appeal would be frivolous and without arguable merit, counsel must inform the client that he has three options: (1) have the attorney close the file without an appeal; (2) have the attorney close the file and proceed without an appointed attorney; or (3) have the attorney file a no-merit appeal. Wis. Stat. § 809.32(1)(b). It appears that petitioner's main contention concerns the alleged failure of his counsel to discuss all appealable issues and the merit of the appeal with him before filing a no-merit report. (Pet'r's Br. 8). He claims that this failure to consult was in violation of the Supreme Court's holding in *Anders.* However, a review of *Anders* demonstrates its ruling does not require that counsel consult with the client before filing a no-merit report, but rather mandates only that counsel make a conscientious examination of the case before advising the court and requesting permission to withdraw. *Anders*, 386 U.S. at 744. Thus, petitioner's

argument based on the no-merit report appears to challenge a state law, and not a federal or constitutional provision. As such, the court finds that petitioner's no-merit claim does not state a cognizable claim under federal habeas review.

In conclusion, the court will dismiss all but petitioner's ineffective assistance of counsel claims, thus requiring the respondent to answer only those claims which appear to have some arguable merit.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that petitioner's claims, inasmuch as they do not raise an ineffective assistance of counsel claim, be and the same are hereby **DISMISSED;**

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the ineffective assistance of counsel claims in petitioner's petition within **thirty (30) days** of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within **sixty (60) days** of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within **sixty (60) days** of service of petitioner's brief, or within **one hundred and twenty (120) days** from the date of this order if no brief is filed by petitioner.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk is directed to serve a copy of the petition and this order on the respondent and Assistant Attorney General Gregory M. Weber.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge